**In re Thomas Howard BELL and Margaret Louise Bell, Debtors.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff-Appellant,**

v.

**Thomas Howard BELL and Margaret Louise Bell, Defendants-Appellees.**

Civ. A. No. 81–70717.
Bankruptcy No. 80–01510 B.

United States District Court,
E. D. Michigan, S. D.

Sept. 3, 1981.

---

**3.** See 11 U.S.C. § 362(c), (d).

Kenneth L. Rancilio, Sterling Heights, Mich., for plaintiff-appellant.

Kurt A. O'Keefe, Detroit, Mich., for defendants-appellees.

## MEMORANDUM OPINION AND ORDER

PHILIP PRATT, District Judge.

This case presents an appeal from an order of the Bankruptcy Court issued February 5, 1981, 8 B.R. 549. In that order the lower court denied appellant's, General Motors Acceptance Corporation (hereinafter GMAC), request to reclaim a 1978 Chevrolet van. The parties have briefed the issues, with National Bank of Detroit filing an amicus curiae brief, and a hearing was held on July 9, 1981.

Appellees, Thomas and Margaret Bell, purchased the van with a loan from GMAC. Under the Retail Installment Contract the Bells were personally liable on the debt and GMAC held a security interest in the vehicle. Term 6 of that contract states that if a bankruptcy proceeding was initiated by the Bells the full amount of the loan would be due and payable and failure to make payment would entitle GMAC to reclaim the van.

The Bells filed a joint petition in bankruptcy in March of 1981. The Bells have never defaulted on their payments to GMAC and the balance owed GMAC has continued to be less than the fair market value of the van.

After the Bells filed their petition under Chapter 7 GMAC sought to reclaim the vehicle pursuant to Term 6 of the contract. The Bankruptcy Court found the bankruptcy provision of Term 6 invalid, at least insofar as it prevents the trustee in bankruptcy from taking immediate possession of the van.[1] The Court denied GMAC's request for reclamation and permitted the Bells to retain possession of the van as long as they were current on their payments and maintained insurance on the vehicle.

The standard of review to be utilized by this Court was outlined in *In Matter of Multiponics, Inc.*, 622 F.2d 709 (5th Cir. 1980):

"It is well established that a bankruptcy court has the authority to subordinate claims on equitable grounds. *See Pepper v. Litton*, 308 U.S. 295, 306, 60 S.Ct. 238, 245, 84 L.Ed. 281, 289 (1939); *Benjamin v. Diamond (In re Mobile Steel Co.)*, 563 F.2d 692 (5th Cir. 1977). A Court's conclusions of law are freely reviewable on appeal. *United States v. Mississippi Valley Generating Co.*, 364 U.S. 520, 526, 81 S.Ct. 294, 297, 5 L.Ed.2d 268, 275 (1961); *North Texas Production Credit v. Lee (In re Lee)*, 570 F.2d 1301, 1302 (5th Cir. 1978). As to all findings of fact, however, a reviewing court of a bankruptcy decision must accept the findings as found, unless they are clearly erroneous. F.R.Civ.P. 52, 53(e); *Costello v. Fazio*, 256 F.2d 903, 908 (9th Cir. 1958)."

*Id.* at 713.

The parties have raised various issues on appeal. This Court, however, concludes

---

1. The Bankruptcy Court held that GMAC retains its security interest in the collateral at all times but could not repossess the vehicle. It concluded that:

"Since the debtor (sic, should be creditor) may not rely upon the breach of the bankruptcy clause of the contract, or the fact that the underlying unsecured debt of the debtor is discharged, as a basis for reclamation, and since the debtor was current in his payments and not in default of any other provisions of the contract, the complaint to reclaim the 1978 Chevrolet Van automobile is dismissed."

that the matter before it can be most efficiently resolved by determining the status of the van and the competing rights under the code.

■ Prior to the filing of the bankruptcy petition the Bells held rightful possession to the van and GMAC held a valid security interest. Upon the filing of the petition GMAC continued to hold a valid security interest, 11 U.S.C. § 552, but had no right to take possession of the van despite the "termination upon bankruptcy" clause. The Bankruptcy Court was correct in finding that under the pertinent code provision the clause did not grant GMAC an immediate right to possession. *See* 11 U.S.C. § 541(c)(1); Notes of Committee on the Judiciary, Senate Report No. 95–989, U.S. Code Cong. & Admin.News 1978, p. 5787.

The proceedings under Chapter 7 extinguished the Bell's personal liability on the debt. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935). In addition, once the petition was filed the van became the property of the estate. *See* 11 U.S.C. § 541.

■ In the present case the trustee decided to abandon any claim to the van. 11 U.S.C. § 554. Once the van was abandoned GMAC could seek to enforce its lien subject to the automatic stay provision, 11 U.S.C. § 362.

GMAC held the primary possessory interest to the van as a result of its valid security interest and because the trustee no longer claimed any interest in the van. GMAC then sought to enforce its security interest and reclaim the vehicle. The Bells, however, sought an exemption in order that they might retain the van. The Bankruptcy Court denied GMAC's request for reclamation and permitted the Bells to retain possession of the van as long as they made payment as required by the Retail Installment Contract and maintained insurance on the vehicle.

The issue before the Court is whether the Bankruptcy Court had the authority to grant the Bells the right to possession and thereby defeat GMAC's security interest.

Chapter 7 of the Bankruptcy Code provides two methods by which the debtor can retain property secured by a valid possessory lien. 11 U.S.C. §§ 524(c)(4), 722. Section 722 provides the debtor with the option of retaining the collateral by paying the creditor the "amount of the allowed secured claim of such holder that is secured by such lien." 11 U.S.C. § 722. This procedure is known as "redemption" and various cases have held that § 722 does not permit redemption by installment payments. *See In re Zimmerman*, 4 B.R. 739 (Bkrtcy.S.D.Cal. 1980); *In re Miller*, 4 B.R. 305 (Bkrtcy.E.D. Mich.1980); *In re Cruseturner*, 8 B.R. 581, 7 B.C.D. 235 (Bkrtcy.Utah 1981).

Section 524(c)(4) permits the debtor to reaffirm the contract with court approval. This reaffirmation can be on any terms agreed to by the parties but the agreement must be approved by the court.

The Bankruptcy Court did not rely on either § 722 or § 524(c)(4), explaining that those remedies "are of doubtful value to a debtor", and rejected GMAC's assertion that those sections provide the exclusive means under Chapter 7 by which a debtor can retain possession of secured collateral. The Bells contend that the Bankruptcy Court properly exercised its equitable powers in permitting them to retain the van.

In refusing to allow a redemption by installments the Bankruptcy Court in *In re Cruseturner, supra*, explained that § 1129(b)(2)(A)(II) of Chapter 11 and § 1325(a)(5)(B)(ii) of Chapter 13 allowed that type of redemption. The court there concluded that to allow such a redemption under Chapter 7 would circumvent the purpose of Chapter 13 (under which this debtor would presumably qualify) and the protections afforded the creditor thereunder.

■ This Court grants that the Bankruptcy Court retains the power to fashion equitable remedies. That power, however, is not an unrestricted one, and where Congress has, as a part of the legislative scheme, provided for specific remedies and methods, the courts must be circumspect in utilizing their equitable authority to design

other remedies or methods. Thus, although it is certainly arguable that redemption and reaffirmation provisions are of doubtful value to a debtor, that policy determination must be left to the Congress and not assumed by the courts. The legislative history (commendably analyzed in *In re Cruseturner, supra*) reveals that in balancing the competing interests of debtor and creditor, the Congress decided that the debtor could retain possession only under certain statutorily imposed conditions or qualifications. By not providing for a redemption by installment payments in Chapter 7, but specifically providing for redemption by full payment or reaffirmation in that Chapter, and by providing for redemption by installment payments in Chapter 13, Congress, in this Court's view, provided for exclusive procedures.

For the foregoing reasons, the Bankruptcy Court's ruling must be reversed. Judgment may enter for the appellant GMAC.

IT IS SO ORDERED.