**In re Stanley John McGRAY d/b/a Stan's Gas, Debtor.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,**

v.

**Stanley J. McGRAY d/b/a Stan's Gas**

**and**

**Harvey Putterbaugh, Trustee, Defendants.**

**Bankruptcy No. 181–00161.**
**Adv. No. 182–0060.**

United States Bankruptcy Court, D. Maine.

July 8, 1982.

---

Charles H. Veilleux, Skowhegan, Me., for debtor.

Harvey J. Putterbaugh, Portland, Me., trustee.

Robert E. Sutcliffe, Rudman & Winchell, Bangor, Me., for plaintiff.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The plaintiff, General Motors Acceptance Corporation, has filed a complaint for relief from the injunction imposed by 11 U.S.C. § 524(a)(2) in order to foreclose upon the debtor's 1978 Dodge Ramcharger motor vehicle. Following a pre-trial conference, the parties stipulated to the following facts.

The plaintiff holds a valid, properly perfected security interest created in April, 1980 in the debtor's motor vehicle. The debtor filed his petition in bankruptcy on May 21, 1981, and received his discharge on February 3, 1982. The parties did not reaffirm the debt, the debtor did not redeem the vehicle, and the plaintiff did not seek relief from the automatic stay prior to discharge. The trustee has abandoned the vehicle.

The sole issue before the court is whether or not the plaintiff's security interest in personal property survives the debtor's discharge. If so, the parties agree that the plaintiff is entitled to relief from the discharge injunction of 11 U.S.C. § 524(a)(2).

Legislative history makes it clear that Congress intended that valid liens should survive bankruptcy discharge. H.Rep.No. 95–595, 95th Cong., 1st Sess. 361 (1977); S.Rep.No.95–989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. The debtor argues that, while liens upon real estate may survive discharge, security interests in personal property do not. This Court disagrees. *See, e.g., In re Sawyer*, 18 B.R. 661, 663, 8 B.C.D. 1168, 1169 (Bkrtcy.D.Idaho 1982); *In re Krahn*, 10 B.R. 770, 771, 7 B.C.D. 767, 768, 4 C.B.C.2d 461, 462 (Bkrtcy.E.D.Wis.1981); *In re Bell*, 8 B.R. 549, 550, 7 B.C.D. 219, 220, 4 C.B.C.2d 285, 286 (Bkrtcy.E.D.Mich.) *rev'd on other grounds* 15 B.R. 859, 8 B.C.D. 127 (E.D. Mich.1981); *In re Williams*, 7 B.R. 234, 239, 3 C.B.C.2d 409, 414 (Bkrtcy.M.D.Ga.1980). *But see In re Williams*, 9 B.R. 228, 7 B.C.D. 388, 4 C.B.C.2d 95 (Bkrtcy.D.Kan.1981). The plaintiff is granted relief from the discharge injunction to proceed upon its security interest in the debtor's 1978 Dodge Ramcharger motor vehicle in accordance with state law.