In the Matter of John B. SAWYER Darcy E. Sawyer dba Capital Homes Construction, Inc., Debtors.

GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,

v.

John B. SAWYER and Darcy E. Sawyer, husband and wife, dba Capital Homes Construction, Inc.; and Loren Wetzel, Defendants.

Bankruptcy No. 81–0660.

United States Bankruptcy Court, D. Idaho.

March 29, 1982.

Anderson, Kaufman, Ringert & Clark, Boise, Idaho, for plaintiff.

Harold Q. Noack, Jr., Boise, Idaho, for defendants Sawyer.

## MEMORANDUM DECISION

M. S. YOUNG, Bankruptcy Judge.

The plaintiff General Motors Acceptance Corporation (hereinafter referred to as GMAC) seeks relief from the stay provided by 11 U.S.C. § 362 and turnover of a vehicle by defendants. The facts are not in dispute and the matter was submitted on the record and oral argument.

On October 6, 1981, the defendant debtors purchased a 1981 Honda Accord and granted the seller a security interest in the vehicle to secure payment of the unpaid balance of its purchase price. The contract and security interest was assigned by the seller to plaintiff. On October 27, 1981, an order for relief was entered upon debtors' petition under chapter 7 of the Bankruptcy Code. The defendants have not been and are not currently in default under the terms of the purchase agreement. Due to this fact, the debtors contend plaintiff is not entitled to relief from the stay or a turnover of the vehicle. Plaintiff contends that it is entitled to vacation of the stay and turnover of the vehicle on the ground that it may lose its lien if a discharge is granted to debtors. This position is based on the case of *In re Williams*, 9 B.R. 228, 4 C.B.C.2d 95, 7 B.C.D. 388 (Bkrtcy.D.Kan.1981; Pusateri, Bankruptcy Judge). In that case, the court held that, in view of its interpretation of certain provisions of the Code, prepetition liens do not survive a discharge and do not attach to property owned by the debtor subsequent to his discharge unless the indebtedness has been reaffirmed prior to discharge. This conclusion was based in part on the ground that 11 U.S.C. § 524(a)(2) enjoins post-petition acts to collect discharged debts from "property of the debtor", and upon a statement from the legislative reports on Section 524 by both the Senate and the House. These reports state:

"The injunction is to give complete effect to the discharge and to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts. This paragraph has been expanded over a comparable provision in Bankruptcy Act section 14f to cover [any] act to collect, such as dunning by telephone or letter, or indirectly through friends, relatives, or employees, harassment, threats of repossession and the like. The change is consonant with the new policy forbidding binding reaffirmation agreements under proposed 11 U.S.C. § 524(d), and is intended to insure that once a debt is discharged, the debtor will not be pressured in any way to repay it. *In effect, the discharge extinguishes the debt, and creditors may not attempt to avoid that.* The language 'whether or not discharge of such debt is waived' is intended to prevent waiver of discharge of a particular debt from defeating the purposes of this section."

H.R.No.95–595, 95th Cong., 1st Sess. (1977) p. 365–6; S.R.No.95–989, 95th Cong., 2d Sess. (1978) p. 80, U.S.Code Cong. & Admin.News 1978, p. 5787, 6321. (emphasis added).

Other courts which have considered the survivability of liens after discharge have uniformly arrived at a contrary conclusion. A recent example is *In re Weathers*, 15 B.R. 945, 5 C.B.C.2d 935, (Bkrtcy.D.Kan.1981; Franklin, Bankruptcy Judge), in which the court, using the language of the Code, applicable legislative history, provisions of the Bankruptcy Act of 1898, and relevant case law, decided that liens do survive discharge of the debtor to the extent those liens are not avoided or satisfied during the bankruptcy proceeding. In addition to the legal analysis and precedent cited in *Weathers*, and without reproduction or citation of the authority presented therein, I too am of the opinion that unavoidable liens survive discharge. The basic assumption upon which the court relied in *Williams* is erroneous. That assumption is that the debts of a debtor are "extinguished" as distinguished from being unenforceable as personal obligations of the debtor after a discharge in the bankruptcy. Section 727(b) by its express terms does not "extinguish" any debt. Nor does Section 524 by its express terms

"extinguish debt". The legislative reports quoted above must be read in context: where those reports say the effect of the discharge is to extinguish the debt, the reference is to extinguishment for purposes related to reaffirmation. Under 524(c)(1), a debt cannot be revived as a personal obligation after discharge. Under pre-code law, a debt could be revived after discharge by voluntary reaffirmation or by various acts which inferred an intent to reaffirm. Congress believed that such reaffirmations were often coerced and were not in a debtor's best interest, thus it prohibited reaffirmation under any circumstance and "in effect" extinguished the debt as a basis for reaffirmation.

However, the intent of Congress to preserve the lien rights of secured creditors in the bankruptcy process is evident. 11 U.S.C. § 506 provides a method for determining the extent of a lien upon property of the estate and in subsection (d), provides that the lien will survive to the extent of an allowed secured claim. 11 U.S.C. § 522(c) provides that property which is exempt is not liable for any debt of the debtor that arose before the commencement of the case except a lien that is not avoided under §§ 544, 545, 547, 548, 549, 724(a) or 506(d) of the Code. 11 U.S.C. § 722 provides a method for redemption of the debtor's property from a lien securing a dischargeable consumer debt if that property is exempted or has been abandoned. 11 U.S.C. § 1325(a) provides for confirmation of a plan of arrangement by which the debtor has agreed to pay the value of his property subject to a lien if that plan provides for retention of the lien and the payment of the allowed secured claim. All of these sections contemplate retention of liens upon a debtor's prepetition property and provide methods by which a debtor can satisfy the lien upon payment to the creditor of the allowed secured value of his claim.

I therefore concur and join with the majority of decisions rendered on this issue.

In this particular case, I conclude since it appears that the lien of the plaintiff will survive a discharge issued to defendants, unless it is to be avoided for reasons not apparent at this time under some other section of the Code, and because no default in payment of the indebtedness to plaintiff has occurred, that the stay should remain in effect until vacated under the terms of § 362(c).