**In re Delwyn L. ROSENOW, Debtor.**

**GENERAL MOTORS ACCEPTANCE CORPORATION, a New York corporation, Plaintiff,**

v.

**Delwyn L. ROSENOW and Larry B. Feinstein, Trustee, Defendants.**

**Bankruptcy No. 82–00187.**
**Adv. No. A82–0669.**

United States Bankruptcy Court, W. D. Washington.

May 19, 1982.

Peter E. Peterson and Thomas D. Theisen of Williams, Lanza, Kastner & Gibbs, Seattle, Wash., for plaintiff.

Thomas T. Glover of Quigley, Hatch, Loveridge & Leslie, Seattle, Wash., for defendants.

MEMORANDUM AND ORDER

KENNETH S. TREADWELL, Bankruptcy Judge.

Because of concern over the validity of their lien, the plaintiff, General Motors Acceptance Corporation (GMAC), filed this action on May 19, 1982 seeking relief from the stay and an order requiring the debtor to relinquish possession of an automobile, or in the alternative a declaratory judgment by this court that a prefiling security interest survives the discharge of the debtor.

The pertinent facts are undisputed. The debtor purchased an automobile and grant-

ed the seller a security interest for the unpaid balance of the purchase price. The seller assigned its contract and security interest to the plaintiff. The debtor filed a Chapter 7 petition for relief and received a discharge on May 27, 1982 without reaffirming personal liability under the contract. The debtor is not in default of any of the contract provisions. Any equity of the debtor in the automobile was claimed as exempt.

The issue of whether or not the security interest survives discharge has been repeatedly presented to this court because of the holding in *In re Williams*, 9 B.R. 228, 4 CBC 95, 7 BCD 388 (Bkrtcy.D.Kan.1981). The Court in the *Williams* case held that prepetition liens do not survive where the creditor does not seek reaffirmation or return of collateral through a court proceeding prior to the debtor's discharge.

This Court does not find the *Williams* case persuasive and follows the majority of courts which have held that a discharge extinguishes personal liability of the debtor but not a creditor's lien. *E.g., In re Sawyer*, 18 B.R. 661, 8 BCD 1168 (Bkrtcy. D.Idaho 1982); *In re Weathers*, 15 B.R. 945, 5 CBC 2d 935, 8 BCD 524 (Bkrtcy.D.Kan. 1981). The legislative comments to Code sections 362(c), 506(d) and 522(c) make clear the drafters of the Code intended that unavoided liens survive discharge. H.R.No.95–595, 95th Cong., 1st Sess. 343, 357, 361 (1977); S.R.No.95–989, 95th Cong., 2nd Sess. 52, 68, 76 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Therefore, it is ordered that GMAC need not seek reaffirmation or return of collateral prior to the debtor's discharge for its lien to remain valid.

It is further ordered that GMAC is not entitled to return of its collateral even though the stay was terminated pursuant to 11 U.S.C. § 362(c) when the Chapter 7 discharge was granted. Until there is a default by the debtor he is not required under the terms of the security agreement and contract to relinquish possession of the automobile. Although there is no longer personal liability of the debtor, GMAC is receiving the full value of its contract while the debtor continues to perform.