In re Mark Lin BALLANCE, Debtor.

**FIRST AND MERCHANTS NATIONAL BANK, Plaintiff,**

v.

**Mark Lin BALLANCE, and Tom C. Smith, Trustee, Defendants.**

**Bankruptcy No. 83-00171-N. APN 83-0332-N.**

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

Sept. 20, 1983.

Carl A. Eason, Wolcott, Spencer, Rivers, Wheary, Basnight & Kelly, P.C., Norfolk, Va., for First and Merchants Nat. Bank.

Alexander P. Smith, Smith & Owens, Norfolk, Va., for debtor/defendant.

## AN ORDER TO PREVENT A WRONG

HAL J. BONNEY, Jr., Bankruptcy Judge.

Once upon a time in the East, the debtor, Mark Lin Ballance, in better days than these, financed a merry Oldsmobile through First & Merchants National Bank giving, of course, a perfected security interest in the vehicle. During the four year term of the contract, the bank will enjoy $3,021.28 in interest on $8,900.00.

When in February of this year the debtor dared file bankruptcy, he was not and is not now delinquent in his monthly payments or in any manner in default. A rarity indeed, but true.

The bank filed a complaint asking that it be "granted recovery and immediate possession of the ... property, plus its costs and attorney's fees," but alleged no default.

As a novel switch in the bankruptcy scenario, the plaintiff argues that it should be allowed to repossess the vehicle unless the debtor redeems it or reaffirms the agreement, realizing that a discharge in bankruptcy would bar a later *in personam* pursuit of Ballance. The debtor desires to keep the car and contends he should not have to redeem the vehicle or reaffirm as long as he is current on the obligation.

### The Law

The bank relies upon a case hot off of the advance sheets, *G.M.A.C. v. Bell,* 700 F.2d 1053 (6th Cir.1983), which, indeed, held a debtor must elect between reaffirmation and redemption. Alas, it is not an enlightened opinion. Really, it does not deal with the redeem or reaffirm *or* else proposition, but allowed G.M.A.C. to repossess by virtue of a right-to-repossess clause in the security agreement, saying that while there is an invalidation of such clauses pursuant to bankruptcy laws, 11 U.S.C. 541(c)(1), the security agreement clause breathes new life when property is abandoned by the trustee.

Utterly ridiculous! A single case is cited in *Bell* as authority for this: *In re Schweitzer,* 19 B.R. 860 (Bkrtcy.E.D.N.Y.1982). Interestingly, the Sixth Circuit cited Schweitzer, but Schweitzer cited *Bell* on the Bankruptcy Court level. There is better law.

The Judges for the Bankruptcy Court for Maryland, Mannes, Schneider and Whelan, sat *en banc* on the issue in *In re Perry (Riggs National Bank of Washington, D.C. v. Perry),* 25 B.R. 817 (Bkrtcy.MD.1982), aff'd, 29 B.R. 787 (D.C.D.Md.1982), and rendered a well-reasoned decision.[1]

In the *Perry* case the creditor asserted the identical premise as here: redeem or reaffirm, but, absent default, the Court said these were no grounds to lift the stay so that the creditor could pursue a current customer.

District Judge Joseph C. Howard reexamined the arguments and affirmed. 29 B.R. at 792. The District Court found that lack of adequate protection is not proved merely by the fact that the vehicle is highly depreciable, resulting in potential loss to the creditor in the event of default. The possibilities that the debtor will fail to continue insurance coverage or that discharge will result in the debtor's personal liability being lost to the creditor do not constitute lack of adequate protection. Finally, the *Perry* court rejected the idea that when the fair market value of the vehicle is equal to less than the debtor's total indebtedness, the creditor is not adequately protected. 29 B.R. at 792.

The *Perry* court is not alone in its conclusions regarding the merits of these arguments. *In Matter of Rose,* 21 B.R. 272 (Bkrtcy.N.J.1982), the creditor unsuccessful-

---

1. It was the Bankruptcy Court for Maryland that set *en banc* in the *Levy Ford Case,* 3 B.R. 559 (1980), on the subject of property held as tenants by the entireties, later to be affirmed by the Court of Appeals for the Fourth Circuit, 638 F.2d 14 (4th Cir.1981). It is a wise procedure and more bankruptcy courts should utilize this.

ly argued that the possibility that the debtor may drop insurance coverage constitutes lack of adequate protection. *Id.* at 277. The *Rose* court pointed out that the argument is entirely speculative and that logically the debtor will try to protect and maintain his vehicle, since he will benefit from the equity. *Id.*

District Judge Shirley Jones in *G.M.A.C. v. Abel,* 17 B.R. 424, 426 (D.C.D.Md.1981), concluded that creditors should not be able to successfully argue that adequate protection never exists when their contractual rights will be barred by a subsequent discharge.

The *Bell* case notwithstanding, the prevailing, majority view in the country is that a debtor not in default should not have to surrender his property in a foreclosure. That he is current says something. A creditor has a remedy should default occur in the future. Redemption requires coming up with the full amount at the moment, no installments. Creditors scream bloody murder when debtors have the funds to redeem but say they ought to redeem when they can't. As for reaffirmation, since it takes two to dance this tune, creditors have a superior bargaining position.

Though First & Merchant's sole remedy after the debtor's discharge, should the debtor default, would be repossession of the car, to allow relief here would provide precedent for lifting that stay any time a valid security interest is proven, would ignore the requirements of 362(d)(1) and would result in manifest unfairness to debtors not in default.

The bride-to-be, F & M, ought to be grateful for a paying customer. A debtor having filed bankruptcy has not committed a cardinal sin. A part of the "fresh start" Congress provided is invalidation of those boiler plate, *ipso facto* bankruptcy clauses. *In re North American Dealer Group, Inc.,* 8 B.C.D. 940, 16 B.R. 996 (Bkrtcy.E.D.N.Y. 1982); *Grant v. American Security Bank,* 9 B.C.D. 1035, 23 B.R. 998 (Bkrtcy.D.C.1982).

Recovery of the property is denied.

IT IS SO ORDERED.