In re John Steven LAWRENCE d/b/a Lawrence & Graves Construction Co., and Carolyn D. Lawrence, Debtors.

GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,

v.

John Steven LAWRENCE a/k/a J. Steven Lawrence d/b/a Lawrence & Graves Construction Co., Defendant.

Bankruptcy No. 83–00578.

Complaint No. 83–0956.

United States Bankruptcy Court, D. South Carolina.

Feb. 1, 1984.

Dalton H. Watkins, Columbia, S.C., for plaintiff.

Thomas H. Dale, Columbia, S.C., for defendant.

ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

Subsequent to the debtors' filing a petition for relief under Chapter 7 (11 U.S.C. §§ 101, *et seq.*) of the Bankruptcy Code [1] and prior to the debtors' receiving a discharge under 11 U.S.C. § 727(b), General Motors Acceptance Corporation (hereinafter "GMAC"), a creditor of the debtors, filed a complaint for declaratory judgment asking this court to determine whether the debtors lose their possessory interests in a 1983 Buick automobile and a 1982 Chevrolet truck unless, prior to the issuance of a discharge to the debtors or the closing or dismissal of their case, the debtors either obtain court-approved reaffirmation of their retail installment contracts with GMAC, or redeem the vehicles by making lump-sum payments to GMAC of the allowed claims secured by the creditor's liens on the vehicles.

DISCUSSION AND CONCLUSION

GMAC maintains that the debtors' filing a petition for relief under the Bankruptcy Code has made it impossible for GMAC, in the event of the debtors' subsequent default under the contracts, to enforce the retail installment contracts provisions giving GMAC the right to seek collection from the debtors of any deficiency arising out of the repossession and sale of the vehicles.

The retail installment contracts do not contain default-upon-filing clauses. The contracts define default as being "10 days late in making any payment according to

---

**1.** Further reference to sections of the Bankruptcy Code of 1978 will omit the identically numbered section of Title 11, United States Code.

the payment schedule" or breaking "any of the agreements" in the contract. Repossession under the contract is dependent upon GMAC's giving the debtors a notice of cure on default, or the debtors' failure to pay any payment according to the payment schedule, or the debtor's breach of any provision in the contract. Thus, the creditor's right to repossess the vehicles and collect any deficiency from the debtors is dependent upon default as that term is defined in the retail installment contracts.

■ The debtors have complied with all provisions of the contracts, including the payment of monthly installment payments and the maintenance of collision insurance. Therefore, the debtors are not in default.

Nothing in the Bankruptcy Code requires the debtors either to reaffirm the debt or to redeem the collateral prior to discharge. *See, First and Merchants National Bank v. Ballance (In re Ballance)*, 10 B.C.D. 1395, 33 B.R. 89 (Bankr.E.D.Va.1983).

■ A discharge of the debtors relates only to the personal liability of the debtors; the liens on the vehicles survive unaltered. *In re Hawkins*, Case No. 81–00837 (Bankr. D.S.C. Jan. 24, 1983), *aff'd* C/A No. 83–467–3 (D.S.C. April 29, 1982); notice of intent to appeal filed. *GMAC v. Sawyer (In re Sawyer)*, 8 B.C.D. 1168, 18 B.R. 661 (Bankr.D.Idaho 1982). *Polk County Federal Savings & Loan v. Weathers (In re Weathers)*, 8 B.C.D. 524, 15 B.R. 945, 5 C.B.C.2d 935 (Bankr.D.Kan.1981). H.R. Rep. No. 95–595, 956th Cong., 1st Sess. 357 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

■ It should be noted that the plaintiff has not shown any other ground to warrant the court's requiring the debtors to surrender the vehicles. The plaintiff has not sought, nor proven, grounds for relief from the stay.

Thus, the debtors' rights in the original contractual obligations should not be altered as long as there is no actual default by the debtors. *First and Merchants National Bank v. Ballance (In re Ballance)*, supra. *Brock v. American Security*

*Bank (In re Brock)*, 9 B.C.D. 1035, 23 B.R. 998, 7 C.B.C.2d 744 (Bankr.D.C.1982).

Should the debtors default after discharge, GMAC has the right of repossession. *First and Merchants National Bank v. Ballance (In re Ballance), supra; Brock v. American Security Bank (In re Brock), supra.*

### ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that:

1. The declaratory relief sought by the creditor that the debtors obtain court-approved reaffirmation of the installment sales contracts with GMAC, or, redeem the vehicles by making lump-sum payments to GMAC in the amount of the allowed claims secured by GMAC's liens on the vehicles, is denied.

2. The debtors may continue to make monthly installment payments and maintain collision insurance on the vehicles.

3. The liens on vehicles will survive the dismissal of the debtors' personal liability under Chapter 7.

4. The creditor is not foreclosed from pursuing its state law remedies in the event of future defaults under the contracts by the debtors.