**In re Joanne CAREY, Debtor.**

**Bankruptcy No. 84–00555.**

United States Bankruptcy Court,
District of Columbia.

March 25, 1985.

Christopher W. Homig, Michelle A. Zavos, Garfinkle & Dranitzke, Washington, D.C., for debtor.

Graham C. Huston, Roderick H. Angus, Huston & Angus, Arlington, Va., for Riggs Financial Corp. of Maryland.

## ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Upon consideration of the Debtor's application for ratification of reaffirmation agreement, the Court has concluded as follows:

1. Under the 1984 amendments to 11 U.S.C. § 524, it is no longer necessary or appropriate, in cases filed after October 8, 1984, to seek court approval of a reaffirmation agreement, so long as the Debtor is

represented by an attorney who signs and files a declaration or affidavit containing the recitations prescribed by 11 U.S.C. § 524(c)(3), as was done by the Debtor's former attorney in this case. Ordinarily, this Court would therefore deny ratification or approval of a reaffirmation agreement on the ground that such ratification or approval is no longer needed or proper.

2. However, in this case, the Debtor's new counsel indicated that, at the time the reaffirmation agreement was negotiated, both the Debtor and former counsel were (understandably) unaware of this Court's unpublished orders in a series of cases beginning with *In re Lee,* (Case No. 83–00479), relating to debtors' lack of need to reaffirm in order to retain possession of collateral in cases, such as as this one appears to be, where there is no default other than the debtor's bankruptcy filing and discharge.

3. In these circumstances, it appears appropriate for this Court to issue an order similar to those issued in the above-described series of cases, and the Court will do so, as set forth in the following paragraphs.

4. Under the decision by Judge Whelan of this Court in *In re Brock,* 23 B.R. 998 (Bankr.D.D.C.1982), it is not in a Debtor's best interest to reaffirm the debt where, as appears to be the case here, there is no default other than the Debtor's bankruptcy filing and subsequent discharge. *Brock* is controlling precedent in this jurisdiction. Under *Brock,* the creditor may not repossess unless there is some *future* default, such as nonpayment. The Debtor need not reassume personal liability in order to prevent repossession; all she need do is stay out of *future* default.

5. To the same effect as *Brock* are *In re Perry,* 25 B.R. 817 (Bankr.Md.1982 *en banc*), *aff'd,* 29 B.R. 787 (D.C.Md.1983), *aff'd,* 729 F.2d 982 (4th Cir.1984); *In re Cassell,* 41 B.R. 737, 12 B.C.D. 97 (Bankr. E.D.Va.1984); and *In re Ballance,* 33 B.R. 89 (Bankr.E.D.Va.1983). In particular, Judge Bostetter's thorough and well-reasoned opinion in *Cassell* is precisely on point.

6. However, the United States Court of Appeals for the Sixth Circuit indicated to the contrary in *In re Bell,* 700 F.2d 1053 (6th Cir.1983).

7. Therefore, the possibility exists that at some future date the United States District Court or the United States Court of Appeals for this jurisdiction or the Supreme Court of the United States may render a decision which may change the law of this jurisdiction so as to enable creditors to repossess property even though the Debtor is not in default (other than by filing for bankruptcy and obtaining a discharge).

8. It would be unfair to the Debtor in this case to require her to reaffirm in order to avoid repossession, when the law in this jurisdiction is expressly contrary. It would also be unfair to the Debtor to leave her at risk because of the mere possibility that at some later date a higher court, in some other case, may overrule *Brock.*

NOW THEREFORE IT IS ORDERED by this Court, *sua sponte,* on March 25, 1985, that the secured creditor party to the proposed reaffirmation agreement, Riggs Financial Corp. of Maryland, shall appear before this Court on _____, 1985, at __.m., and show cause, if any there be, why it should not be permanently enjoined from repossessing its collateral for so long as there is no default other than the Debtor's filing for bankruptcy and the Debtor's bankruptcy discharge, and why the reaffirmation agreement should not be rescinded. If the secured creditor fails to appear on the scheduled date, then such a permanent injunction will be entered, and the Debtor may be deemed to have exercised her statutory right to rescind the reaffirmation agreement under 11 U.S.C. § 524(c)(2).