**In re Jeffrey Glen WINTERS and Donora Lorain Winters, fka Donora Lorain Clark, Debtors.**

**Bankruptcy No. 386–01703–S7.**

United States Bankruptcy Court,
D. Oregon.

Oct. 27, 1986.

William B. Owens, Bend, Or., for debtors.

Aubrey A. Fitzgerald, Trustee.

Malcolm J. Corrigall, Coos Bay, Or., for Wood Products Credit Union.

MEMORANDUM DENYING
RELIEF FROM STAY

DONAL D. SULLIVAN, Bankruptcy Judge.

Wood Products Credit Union ("credit union") filed a motion for relief from the automatic stay of 11 U.S.C. § 362(a) to permit foreclosure of its security agree-

ment in a 1985 Toyota Corolla. The sole default under the security agreement arose from a provision which designated the filing of bankruptcy as a default. The credit union continued to accept installment payments after the debtors filed their bankruptcy petition. The debtors, who otherwise were in compliance with the security agreement, requested that the creditor be permanently enjoined from enforcing the bankruptcy default clause. This is a core proceeding under 28 U.S.C. § 157(b).

I find that the bankruptcy default clause is unenforceable and that any action to enforce the provision would violate the automatic stay of 11 U.S.C. § 362 while the bankruptcy is open and would violate the statutory injunction of 11 U.S.C. § 524(a)(2) after the bankruptcy is closed.

The facts are not in dispute. The debtors purchased the Corolla in November 1984 for $10,000 with a loan from the credit union for $9,900. The debtors are current in their payments and there is no allegation that they have allowed the insurance to lapse. The value of the collateral is at least as much as the debt owing, so the creditor is adequately protected. The sole basis for the credit union's motion and its threat to repossess the automobile is that the debtors filed a chapter 7 petition in bankruptcy. The debtor alleged that the bankruptcy clause is void and alternatively that the creditor waived the clause after bankruptcy by accepting payments.

■ I agree with *Matter of Bryant*, 43 B.R. 189 (E.D.Mich.1984) which construed 11 .U.S.C. § 541(c)(1)(B) as voiding bankruptcy default clauses and it is unnecessary to consider 11 U.S.C. § 365(e)(1). At the circuit level, there is a division of authority over whether 11 U.S.C. § 362 prohibits enforcement of bankruptcy default clauses before a discharge is entered. In this regard, *Riggs v. Perry*, 729 F.2d 982 (4th Cir.1984) is more persuasive than *G.M.A.C. v. Bell*, 700 F.2d 1053 (6th Cir.1983). While neither case dealt with the broader issue of the effect of discharge under 11 U.S.C. § 524(a), it is reasonable to extend the *Riggs* case to construe a lender's en-

forcement of a bankruptcy default clause in a security agreement as being an "act to collect ... a personal liability of the debtor" prohibited by § 524(a)(2) of the Bankruptcy Code.

■ To the extent that state law under O.R.S. 79.5030 and 79.5040 provides for the forfeiture of the debtor's pre-bankruptcy rights under the security agreement because of the debtor's exercise of federal bankruptcy rights, enforcement would violate the supremacy clause of the federal constitution. *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). Both the debtor's rights and the lender's rights under the security agreement are defined and created by state law and would be enforced by state action. *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). While there are differences between laws governing security agreements and motor vehicle financial responsibility, these differences do not affect the application of *Perez* to this case. It would be ironic indeed if, under *Perez*, a creditor injured by a bankrupt's negligent driving could not because of the bankruptcy cause a temporary suspension of a driver's license while another creditor could use the bankruptcy to accelerate a pre-bankruptcy loan not otherwise in default to take the car involved in the accident.

The contractual provision which provides for default imposes a penalty on the exercise of a federal right and is a form of waiver of discharge, differing only in degree from more direct forms of waiver prohibited by 11 U.S.C. § 524(a)(2). The enforcement of a bankruptcy default clause amounts to a forfeiture of the collateral regardless of the debtor's equity in most consumer bankruptcies because debtors typically cannot finance a lump sum redemption under 11 U.S.C. § 722 which the decisions require. Consequently, the typical consumer bankrupt is at the mercy of the secured creditor in the bargaining process. If he wishes to keep his home, furniture and automobile, he frequently must choose between loss of the collateral or assumption of a deficiency.

The foregoing dilemma threatens the fresh start which is the purpose of the bankruptcy. Where the debtor failed to make payments or otherwise acted to impair the creditor's interest in the collateral, the dilemma is justified. But where the debtor has made his payments and otherwise dealt with the collateral in accordance with the security agreement, the secured creditor should not be able to declare a default under the agreement solely because of the filing of bankruptcy. The anti-waiver of discharge language of 11 U.S.C. § 524(a)(2) precludes an inadequately secured, as well as other unsecured, creditors from having contractual insurance against bankruptcy or loss of deficiency rights of the nature sought by the credit union.

■ The credit union's argument that amendments to 11 U.S.C. § 521(2)(A) validate bankruptcy forfeiture clauses must be rejected. The new amendment is procedural and does not improve substantive rights of partially secured creditors. The "if applicable" language in the section destroys the argument that Congress forfeited a non-defaulting debtor's rights under a security agreement by restricting his options or, more narrowly, validated bankruptcy default clauses or other forms of creditor controlled forfeiture. On the other hand, where the default is automatic as here, there is the equally unacceptable analog to this argument that Congress by this amendment also broadened the Court's authority to compel a secured creditor to accept installment redemption or qualified the creditor's option of refusing to allow a reaffirmation.

It is unfair to permit an undersecured creditor to use his undersecurity as justification to enforce a bankruptcy clause. A creditor who is concerned about the adequacy of collateral can protect himself by demanding a larger down payment or other security at the time of the agreement. An undersecured creditor should not have more advantages in bankruptcy than other unsecured creditors.

While the enforceability of a bankruptcy default clause is a federal question, it is doubtful if the clause can survive under Oregon law. Oregon public policy prohibiting restraints on alienation of personal property finds expression in O.R.S. 79.3110 which expressly permits involuntary transfer by judicial process including bankruptcy despite agreement to the contrary. In addition, Oregon law will not require enforcement of contracts which are against public policy. *Hendrix v. McKee*, 281 Or. 123, 575 P.2d 134 (1978); *Wright v. Schutt Construction*, 262 Or. 619, 500 P.2d 1045 (1972).

Since I find the bankruptcy clause unenforceable, I need not make a determination concerning the credit union's alleged waiver of the clause by accepting post-filing payments.

For the foregoing reasons, a separate order should enter declaring the threatened enforcement by the credit union of the bankruptcy default provision in its security agreement as being in violation of 11 U.S.C. § 524(a)(2). Relief should be denied to the credit union.