**In re Roberto BERENGUER, Blanca L. Berenguer, Debtors.**

**Roberto BERENGUER, Plaintiff,**

**v.**

**BANK SOUTH, N.A., a National Banking Association, Defendant.**

**Bankruptcy No. 87–00215–BKC–AJC.**
**Adv. No. 87–0331–BKC–AJC–A.**

United States Bankruptcy Court, S.D. Florida.

Aug. 11, 1987.

Jordan E. Bublick, Miami, Fla., for debtor/plaintiff.

Joel Tabas, Kozyak, Tropin & Throckmorton, P.A., Miami, Fla., for defendant.

Jeanette Tavormina, North Miami, Fla., trustee.

## ORDER ENTERING PERMANENT INJUNCTION

A. JAY CRISTOL, Bankruptcy Judge.

This matter came before the court on July 29, 1987 upon the debtor's complaint seeking to enjoin action in violation of the discharge provisions of 11 U.S.C. §§ 524 and 727. The court after having heard the arguments of counsel and reviewing the cases cited by counsel, holds the defendant, Bank South, N.A., be permanently enjoined from continuing its replevin action against the debtor.

The court notes that *In re Bell*, 700 F.2d 1053 (6th Cir.1983), the Sixth Circuit Court of Appeals held that a debtor, who was current on all payments pursuant to a financing agreement for the sale of an automobile when he filed bankruptcy, had to choose between redemption or reaffirmation at the risk of losing the vehicle to the secured creditor. The *Bell* court found the debtor's discharge in bankruptcy, absolving the debtor from personal liability in the event the debtor later defaults on its obligations and a deficiency exists between the value of the collateral and the debt, constituted a lack of adequate protection sufficient to entitle the creditor to immediate possession of the vehicle.

However, the court recognizes a clear weight of authority to the contrary. See e.g. *Riggs National Bank of Washington, D.C. v. Perry*, 729 F.2d 982 (4th Cir.1984); *In re Cassell*, 41 B.R. 737 (Bankr.E.D.Va. 1984); *In re Ballance*, 33 B.R. 89 (Bankr. E.D.Va.1983); *In re Brock*, 23 B.R. 998 (Bankr.D.C.1982); *In re Rosenow*, 22 B.R. 99 (Bankr.W.D.Wash.1982); *Matter of Woodford*, 6 B.C.D. 226, 1 C.B.C.2nd 789 (Bankr.M.D.Fla.1980). All these cases involve situations whereby a debtor making current payments under the terms of an auto financing arrangement declared bankruptcy and continued to meet its obligations under the financing arrangement post-petition.

These cases support the proposition that the debtor's discharge, absolving him from personal liability for any deficiency which results in the event the creditor repossesses its collateral and its value does not equal or exceed the outstanding debt, is insufficient grounds upon which to entitle the creditor to immediate possession of its collateral. These are exactly the kinds of risks assumed by all secured creditors and that they are aware of these risks and offset them by requiring substantial interest payments. *Riggs National Bank of Washington, D.C.*, supra at 985.

The court finds the creditor is continuing to receive the benefits of the agreement bargained for and maintains its rights to repossess the collateral in the event the debtor later defaults. The court believes the positions adopted by the majority of courts that have considered the issue is the better view and, therefore, declines to adopt the reasoning of the Sixth Circuit in the *Bell* case.

It is, therefore, ORDERED that the defendant, Bank South, N.A., be permanently enjoined from repossessing its collateral

for so long as there is no default other than the defendants filing for bankruptcy and the bankruptcy discharge.