In re Max Jean PEACOCK aka Max J. Peacock and Waynalie Roberts Peacock aka Waynalie R. Peacock, Debtors.

CENTURY BANK AT BROADWAY fka Ambank at Broadway, Applicant,

v.

Max Jean PEACOCK aka Max J. Peacock and Waynalie Roberts Peacock aka Waynalie R. Peacock, Respondents.

No. 87–B–10953–M.

United States Bankruptcy Court, D. Colorado.

June 21, 1988.

George T. Carlson, Englewood, Colo., for debtors/respondents.

Mary Deganhart–Weiss, Denver, Colo., for applicant.

### MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court upon Century Bank at Broadway's ("Creditor" herein) Motion for Relief from Stay, or in the Alternative an Order Requesting the Debtors to Comply with 11 U.S.C. § 521(2). Although this matter was set for a relief from stay hearing, Creditor's and Debtors' counsel acknowledged that, in essence, this was an effort by the Creditor to force the Chapter 7 Debtors to comply with Section 521(2), and to either reaffirm the debt under Section 524(c), or to redeem the collateral securing the debt pursuant to Section 722, if the Debtors wished to retain the collateral.

The Creditor maintains that if the Debtors want to keep the collateral on their loan, a 1983 Dodge Van, then they must either redeem the vehicle, or reaffirm the debt. This position is based on a strict, or literal, interpretation of Section 521. The Creditor, further, maintains it is entitled to relief from the automatic stay of the Bankruptcy Code. The Debtors oppose the Motion for Relief from Stay and maintain that they can keep the collateral and they need *not* redeem the collateral or reaffirm the debt as long as they are current on their payment obligation.

The principal issue before this Court is whether the Debtors, who are current on their payment obligation to the Creditor and wish to retain their vehicle after the discharge is entered and the bankruptcy case is closed, must reaffirm the debt or redeem the vehicle to keep the vehicle, or surrender the collateral to the Creditor, all in accordance with Section 521(2).

The parties have stipulated to the facts as follows. On December 3, 1985 the Debtors purchased a 1983 Dodge Van through a Retail Installment Contract ("Contract" herein). The Creditor financed the purchase for $10,508.50. The contract called for 42 monthly payments of $320.84. The Debtors filed for Chapter 7 bankruptcy relief on September 16, 1987 and, pursuant to the Bankruptcy Code and Local Rules, filed a Statement of Intentions indicating they planned to "retain" the Dodge Van. The Debtors have continued to perform the obligations required under the Contract and are not in default of their payments. The Dodge Van was abandoned from the Debtors' estate by Order dated April 26, 1988.

## OPINION

The Creditor relies on the "mandatory language" of Section 521(2), the content of Official Form No. 8A, Bankruptcy Rule 9009, *In re Bell*, 700 F.2d 1053 (6th Cir. 1983), and *In re Schweitzer*, 19 B.R. 860 (Bankr.E.D.N.Y.1982).

The Creditor's argument is essentially as follows: There are three options available to a Chapter 7 debtor which allow the retention of property encumbered with a lien that is not avoidable under Section 522(f). The options are: (1) redemption of the property under Section 722 by paying the fair market value of the collateral in one lump sum payment, (2) reaffirmation of the debt under Section 524, or (3) conversion to a Chapter 13 and making payments in installments equal to the "cramdown" value of the collateral. *In re Bell, supra* and *In re Schweitzer, supra.*

Creditor adopts the argument in *Bell* and *Schweitzer*, that the fact Debtors are current in their payments is not relevant, because under the bankruptcy default clause of the Contract the Debtors are in default on the Contract and, thus, the Creditor has a right to "take possession of the security and exercise all rights granted it under Colorado law" after relief from stay is granted, absent the three remedies as set forth above.[1] According to the Creditor, and the Court in *Bell*, a bankruptcy default clause, though inoperative under Section 541(c)(1), becomes effective upon abandonment of the property from the bankruptcy estate and therefore, the Debtors are in default of the Contract. *In re Bell, supra* at 1058 and *In re Schweitzer, supra* at 865–867.

The Creditor further relies on a literal reading of Section 521(2), Bankruptcy Rule 9009, and Official Form No. 8A. Section 521(2) provides as follows:

[I]f an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under Chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such for-

---

**1.** The Court notes that the Retail Installment Contract contains a bankruptcy default clause, or *ipso facto* clause, or default-upon-filing clause, which purports to effect a contractual default upon filing a bankruptcy petition. The provision was not specifically mentioned by either party, but the default clause is the *key issue* in the cases relied upon by the Creditor. It is thus of importance to the Creditor's position.

ty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

(C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title.

Bankruptcy Rule 9009 directs that the official forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate. Official Form No. 8A. "Chapter 7 Individual Debtor's Statement of Intention," provides for identification of property to be retained by the debtor and lists three categories. These categories are: (1) "the debt will be reaffirmed pursuant to Section 524(c)," (2) "the property is claimed as exempt and will be redeemed pursuant to Section 722," and (3) "the creditor's lien will be avoided pursuant to Section 522(f) and the property will be claimed as exempt." The Creditor contends that upon review of the Form, the drafters intended that the terms of Section 521(2), with respect to redemption or reaffirmation, be mandatory.

The Debtors, on the other hand, allege that because they are current in their payments, they are not in default on their Contract and should be allowed to continue to make payments without being forced to either redeem the collateral or reaffirm the debt.

### CONCLUSIONS OF LAW AND OPINION

First, this Court concludes that the filing of a bankruptcy Petition by the Debtors does not, as a matter of law, constitute a default under the bankruptcy default clause, or *"ipso facto"* clause, of the Contract. Second, this Court concludes that the Debtors need not redeem the collateral nor reaffirm the debt in order to keep the collateral. Finally, this Court concludes that relief from stay is not justified and shall not be granted. This Court's reasoning for the above conclusions is set forth below.

█ A creditor cannot force a default upon a debtor by the use of the *ipso facto* clause of a contract solely because of a bankruptcy filing. In several sections of the Bankruptcy Code, such as Sections 363($l$), 365(e), and 541(c), Congress has attempted to do away with such bankruptcy clauses. "It is clear from the legislative history and from the express intention of Congress to protect the 'fresh start of debtors' that the invocation of insolvency statutes is not favored." *In re Brock*, 23 B.R. 998, 1002 (Bankr.D.C.1982). *See, Riggs National Bank of Washington v. Perry*, 729 F.2d 982, 984–985 (4th Cir.1984); *In re Winters*, 69 B.R. 145, 146–147 (Bankr.D.Or.1986); *In re Cassell*, 41 B.R. 737, 740–741 (Bankr.E.D.Va.1984); *In re Ballance*, 33 B.R. 89, 91 (Bankr.E.D.Va. 1983); *Matter of Rose*, 21 B.R. 272, 276–277 (Bankr.D.N.J.1982); *In re Horton*, 15 B.R. 403, 405 (Bankr.E.D.Va.1981); *In re Farmer*, 13 B.R. 319, 320 (Bankr.M.D.Fla. 1981).

The Creditor's *ipso facto* clause in the Contract thwarts the Debtors' fresh start provided under the Code and imposes a penalty upon the Debtors for exercising their constitutional right to file bankruptcy. *In re Winters, supra* at 146. Since this *ipso facto* clause is not enforceable, it cannot be used to constitute a default on the Contract by the Debtors. Therefore, the Debtors are not in default and the Creditor cannot enforce its rights under the default portion of the Contract which permits possession of the security. *In re Berenguer*, 77 B.R. 959, 960–961 (Bankr.S.D.Fla.1987). *See, In re Lawrence*, 54 B.R. 1, 2 (Bankr.D. S.C.1984); *In re Brock, supra* at 1004.

Should the Debtors default in the future, then the Creditor would well be within its rights to repossess the Dodge Van. *In re Carey*, 51 B.R. 294, 295 (Bankr.D.D.C. 1985). *In re Brock, supra* at 1003. A discharge granted to these Debtors will extinguish any personal liability on the Contract to the Creditor, but the Creditor's lien, if unaltered, will survive the bankruptcy and the Creditor can proceed with an *in*

*rem* action against the collateral. *Chandler Bank of Lyons v. Ray*, 804 F.2d 577 (10th Cir.1986); *In re Lawrence, supra* at 2; *In re Cassell, supra* at 741; *In re Brock, supra* at 1002; *In re Rosenow*, 22 B.R. 99, 100 (Bankr.W.D.Wash.1982). The Creditor's right to repossession upon a future default and to exercise its rights solely against the collateral is the same right afforded any secured creditor in any bankruptcy case. *See, In re Brock, supra* at 1003–1004.

Preventing a creditor from imposing personal liability and perhaps seeking a personal judgment for any post-petition default, does indeed put the creditor into a weaker posture than it was pre-petition.[2] However, this is an inherent risk of doing business, and a creditor can compensate for this business risk with higher interest rates, increased payments, or by requiring larger down payments. *Riggs v. Perry, supra* at 985; *In re Winters, supra* at 147; *In re Cassell, supra* at 741; *In re Brock, supra* at 1003. In the within case, as long as the Debtors perform according to the Contract, the Creditor nonetheless will receive the benefit of its bargain. *See, In re Ballance, supra* at 91 and *In re Rosenow, supra* at 100.

The Creditor's principal authority and the basis of its position is the *Bell* opinion. The *Bell* opinion has been criticized in holding that the creditor can force the debtor to redeem the collateral or reaffirm the debt, or the creditor gets immediate possession of abandoned collateral despite no default in payments on the obligation. A majority of the courts hold to the contrary. *See, Riggs v. Perry, supra; In re Berenguer, supra; In re Winters, supra; In re Ballance, supra; In re Brock, supra; In re Rosenow, supra.*

This Court is more persuaded by the majority view and rejects that portion of *Bell* and *Schweitzer* regarding the viability of the *ipso facto* clause, thus forcing a non-defaulting, Chapter 7 debtor to choose solely between redemption or reaffirmation to retain collateral where otherwise there is no actual default.

The Creditor's belief that the language in Section 521(2)(A) is mandatory, particularly upon review of Official Form No. 8A, is rejected. One cannot determine the legal rights or status of parties because of the contents or graphics of a form. The rights of the parties in bankruptcy are determined by the Bankruptcy Code and by case law. Section 521(2)(A) is essentially procedural and does not improve or enlarge substantive rights of creditors. *In re Winters, supra* at 147. The words "if applicable" in Section 521(2)(A) do not narrow the rights or options of a non-defaulting debtor with respect to collateral. *See,* 11 U.S.C. § 521(2)(C).

In addition, the Debtors are not necessarily bound to the contents or arrangement of an official form. An official form can be modified. In fact, Bankruptcy Rule 9009 provides that the official forms may be used "with alterations as may be appropriate." In this District, Bradford Publishing Company has a Statement of Intention form which lists separately the various options available to a debtor such as to retain, surrender, redeem, exempt or reaffirm. The Bradford form is of itself different from the Local Suggested Form N as prescribed by the Local Rules in this District. Therefore, the use of a particular form to suggest the intent of Section 521(2) as mandatory must be rejected.

This Court does agree with *Bell* and *Schweitzer* in that any redemption under Section 722 cannot be done in installment payments, but rather must be made in a lump sum payment. The Court also agrees that the Debtors, with the consent of the Creditor, can reaffirm a debt under Section 524(c). However, this Court disagrees that these are *the only two options*,

---

**2.** In the instant case, if the Debtors were in default *before* the filing of the Petition and the note had been accelerated, then at least arguably, the default clause of the Creditor's Contract might be enforceable, because the respective rights of the parties going into bankruptcy would have been altered. The remedies to the Debtors then, if they wished to retain the collateral, might be to redeem, reaffirm or convert to a Chapter 13 case. However, such is not the case with these particular Debtors and that issue is not before the Court.

aside from a conversion to a Chapter 13, available to these nondefaulting Debtors. Rather, the Debtors have another option. That option is to continue making payments on the contract, in a current and complete manner, as if the bankruptcy never occurred.

Forcing reaffirmation and creating renewed personal liability for a pre-petition debt, puts a creditor in a superior, improved bargaining position. First, the debtor would be forced to negotiate with the creditor to reaffirm the debt on the creditor's terms since the creditor could reject any reaffirmation agreement it found unacceptable. The debtor would then be at the mercy of the creditor in order to keep an asset which may be necessary for the debtor's living. Second, the reaffirmation would result in personal liability to the debtor should there be a future default which would cloud the debtor's fresh start.

The Court is required under Section 362(d)(1) to grant relief from the automatic stay for "cause." For the reasons set forth above, particularly the conclusion that the Debtors have not defaulted under the bankruptcy default clause of their Contract with the Creditor by virtue of filing a bankruptcy petition, "cause" for relief has not been established in this proceeding. *See, Pursifull v. Eakin*, 814 F.2d 1501, 1504 (10th Cir.1987); *In re Unioil*, 54 B.R. 192, 194 (Bankr.D.Colo.1985); *In re Curtis*, 40 B.R. 795, 799–800 (Bankr.D.Utah 1984). The Debtors are current on their obligation and the Creditor is receiving the benefit of its bargain, namely, regular, full, timely payments under the Contract backed by agreed upon collateral.[3]

Section 362(d)(2) provides for relief from stay if the debtor has no equity in the property and such property is not necessary to an effective reorganization.[4] Since this is a Chapter 7 liquidation, the only disputed issue remaining is whether the Debtors have equity in the Dodge Van. *See, In re Stewart*, 3 B.R. 24 (Bankr.N.D. Ohio 1980). Both sides have stipulated that the value of the Dodge Van is equal to or less than the amount owed to the Creditor. This Court adopts the rationale and the ruling of the Fourth Circuit Court of Appeals in *Riggs* on this issue, wherein the Court concluded that while there may be little or no equity in an automobile owned by a non-defaulting Chapter 7 debtor, still:

[W]e cannot believe the Congress intended that we modify a section 362(a) stay every time the value of a debtor's *personal* property drops below the balance due on the outstanding loan. (Emphasis added.)

*Riggs v. Perry, supra* at 985.

Even if relief from stay were to be granted by this Court, still the Creditor would have no right to seek replevin of its collateral according to state law. Relief from stay would permit the Creditor to pursue whatever state court remedies it has against the collateral under the Contract. Since the Debtors are not in default, the Creditor has no rights that it can exercise.[5] *See, Matter of Abel*, 17 B.R. 424, 426 n. 3 (Bankr.D.Md.1981).

IT IS THEREFORE ORDERED THAT:

1. The Debtors are not, and shall not be deemed, in default of the subject Contract by the mere filing of their bankruptcy Petition.

---

**3.** While the collateral is, indeed, depreciating and thus the Creditor is at some risk, that is part of the original bargain. This Court agrees with the *Riggs* court that: "Allegedly, it is placed at even greater risk because of the highly depreciable character of its security. Nevertheless, appellant's position is no more fragile, due to the Chapter filing alone, than that of any lender under an installment sales contract. We can muster even less sympathy for institutional lenders; they are fully cognizant of the risks inherent in the making of loans, default among them, and receive substantial interest payments to help offset those risks. This Court declines to exact additional obligations from debtors who merely file under Chapter 7 while they maintain their fiscal responsibilities." *Riggs v. Perry, supra* at 985.

**4.** 11 U.S.C. § 362(d)(2).

**5.** Even if relief from stay were granted, or alternatively the bankruptcy case closed, and the Creditor proceeded after the bankruptcy to try and recover on its claim, then the Creditor would be in violation of the injunctive proscriptions of 11 U.S.C. § 524.

2. The Creditor cannot compel the Debtors to redeem the collateral or reaffirm the debt, pursuant to 11 U.S.C. § 521(2) in order for the Debtors to retain the collateral, their 1983 Dodge Van.

3. The lien of the Creditor on the Dodge Van survives the bankruptcy and, should there be a future default on the Contract, the Creditor will be allowed to proceed in an *in rem* action against the vehicle with any personal liability having been discharged in the Debtors' bankruptcy.

4. The Creditor's Motion for Relief from Automatic Stay is hereby denied.